AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| United States of America | ) |
| v. | ) |
| | ) Case No. 15-5028-SNOW |
| RICHARD EMERICH, | ) |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ 2007 _____ in the county of _____ Monroe _____ in the _____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| Title 18, United States Code, Section 2251(a) | Production of Child Pornography |

This criminal complaint is based on these facts:
See attached Affidavit.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Larry D. Jacobs, Inspector, U.S. Postal Inspection Svc.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/2/15

_____
*Judge's signature*

City and state: _____ Key West, Florida _____

Lurana S. Snow, United States Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

I, Larry D. Jacobs, being duly sworn, hereby depose and state:

1. I am an Inspector with the United States Postal Inspection Service (USPIS), assigned to the Miami Division, in Miramar, Florida, and have been so employed since 1995. I am currently assigned to Dangerous Mail Investigations, where I am responsible for investigating violations of federal criminal law, to include assaults involving United States Postal Service employees, narcotics offenses, and the security of the United States Postal Service. I frequently assist other USPIS Inspectors with their investigations, and have been involved in numerous investigations involving child exploitation in a variety of capacities.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. I have experience investigating federal crimes, and have participated in numerous search warrants, witness and subject interviews, and evidence seizures.

3. I make this affidavit in support of a criminal complaint charging Richard W. EMERICH with production of child pornography, in violation of Title 18, United States Code, Section 2251(a), and distribution of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2).

4. The statements in this Affidavit are based in part on my investigation of this matter, on information provided by other law enforcement agents, and on my training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of EMERICH, I have not included each and every fact known to law enforcement concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that EMERICH committed violations of Title 18,

United States Code, Sections 2251(a) and 2252(a)(2).

5. On or about May 19, 2014, a cooperating defendant (CD) signed a substantial assistance proffer with the State Attorney's Office for Palm Beach County, Florida, wherein the CD agreed to provide information regarding other criminal conduct of which the CD was aware. The CD, who has been charged by the State of Florida with numerous counts of various child pornography-related crimes, including possession of child pornography and extortion and soliciting a minor, has not yet pleaded guilty but is actively cooperating with law enforcement. As of the signing of this affidavit, the CD has received no promises of immunity or cooperation credit in return for his active cooperation. The CD told Florida Department of Law Enforcement (FDLE) investigators the following:

a. S/he had previously worked as a Florida-based talent scout/recruiter for a New England-based photographer, Richard EMERICH. The CD would book teenage boys to model for EMERICH, who would fly to Florida from New England and take both non-nude and nude photographs of the young boys.

b. The CD had previously sent images and videos of juvenile boys masturbating to EMERICH. The CD created these images and videos by pretending to be a teenage girl and communicating with the juvenile boys over the internet.

6. As a result of this investigation, members of law enforcement have learned that:

a. EMERICH moved from Connecticut to Brattleboro, Vermont, in late 2014 and, since that time, has resided at the 875 Western Avenue, Apartment Number 9 ("the Apartment"). He is employed by TestAmerica, an environmental testing company, as his day job. EMERICH also has a second job as a professional photographer. In his capacity as a professional photographer, EMERICH owns and operates RWE Productions, a modeling and photography

company. The post office box that RWE Productions uses as an official address is in Brattleboro, Vermont, and was requested by EMERICH.

7. In January of 2015, at the direction of law enforcement, the CD asked EMERICH to send photographs of underage boys to the CD in Florida. All communication between the CD and EMERICH was by either text message or phone call; in the event that a text message was sent or received between the CD and EMERICH, it has been preserved by law enforcement during the course of this investigation. EMERICH complied with this request, and mailed to the CD, via the United States Postal Service, an external hard drive and a thumb drive, both containing numerous images of underage boys. USPS investigators removed the package from the mail in Florida.

8. The return address on the package was a Post Office Box in Brattleboro, Vermont, in the name of RWE Productions, the company discussed in paragraph 6(a), above. Inside the package, along with the two computer storage devices, were a number of business cards in EMERICH's name that also contained the name and address of RWE Productions.

9. The contents of the package were examined for fingerprints. Latent fingerprints were identified on the packaging, and compared to known standards belonging to EMERICH which resulted in a positive match. EMERICH's fingerprints are in the Integrated Automated Fingerprint Identification System, also known as IAFIS, as a result of a 1999 arrest.

10. Computer forensic specialists working with the FDLE determined that images found on the hard drive included pictures of a since-identified victim, Victim 1. As detailed below, at the time these images were taken, Victim 1 was under the age of 18. In some images, Victim 1 is posing clothed or wearing loose fitting garments. In other images, Victim 1 is posing shirtless or in the process of de-clothing. There are also images of Victim 1 which constitute child pornography. Some of the images of child pornography depicting Victim 1 are described as

follows:

    a. Victim 1 is fully nude and appears to be in a shower. He is facing the camera with water dripping down, and posing with a slight smile. Victim 1's penis is clearly visible and appears to be the focal point of the image.

    b. Victim 1 is lying face down on a bed. Victim 1's exposed rear end is facing the camera and his exposed genitalia is visible between Victim 1's legs. Victim 1's scrotum appears to be the focal point of the image.

    c. Victim 1 is partially clothed with a t-shirt and a skateboard helmet and carrying a skateboard. His penis is erect and visible between the t-shirt and his jeans. Victim 1's erect penis appears to be the focal point of the image.

11. Images found on the thumb drive were of a different victim, Victim 2. According to the CD, Victim 2's eighteenth birthday is during the calendar year of 2015, meaning he was born in 1997. Based on the title of the folder containing the images, which is a first name that the CD stated was Victim 2's first name combined with a date in August of 2012, and also corroborated by metadata uncovered by the forensic analyst who examined the thumb drive, the images of Victim 2 appear to have been taken in August of 2012, when he was either 14 or 15.

12. These images are similar in nature to those of Victim 1; some are pictures of a minor boy clothed, or wearing revealing clothing or swimsuits. Other pictures are of Victim 2 wearing jockstraps that only partially obscure his genitalia. In some of the jock strap pictures, the camera is zoomed in on the genital region of the boy. There are also images of the boy completely naked where the focal point of the picture is the boy's penis.

13. With the assistance of the CD, law enforcement was able to identify Victim 1. Law enforcement was also able to identify a married couple who have unofficially adopted Victim

1, as he is very close friends with their children. This couple has provided financial support for Victim 1 since around 2010. On March 3, 2015, members of law enforcement spoke with that married couple, and learned the following:

    a. Beginning as early as 2007 and continuing through at least 2010, Victim 1 had modeled for a photographer who would take photographs for fashion catalogues in Miami-Dade, Broward, Palm Beach, and Monroe Counties, Florida. The couple identified the photographer as EMERICH. When shown images of Victim 1 taken from the hard drive identified above, they identified the child depicted in those pictures as Victim 1. The couple had no idea the pictures being taken of Victim 1 included nude shots and had they known, they would have reported it to law enforcement.

    b. Victim 1 was born during 1993, meaning that he was no more than 14 years old in 2007. When shown the images of child pornography depicting Victim 1 found on the hard drive, they identified him as between 14 and 16 years of age in those photographs. They also recalled that the CD, acting as a talent scout for EMERICH, met Victim 1 at a skate park in Florida.

14. On March 13, 2015, members of law enforcement spoke with Victim 1. Victim 1 disclosed the following:

    a. He began modeling between the ages of 10 and 12 years old. He has modeled for JC Penney, Polo, Tommy Hilfiger, and other reputable fashion companies, and continues to model occasionally to make money, both for EMERICH and other photographers. Victim 1 met EMERICH through the CD, who worked as a talent scout for EMERICH.

    b. Up to the present day, Victim 1 maintained communication with EMERICH, as he continued to model for EMERICH doing both nude and non-nude modeling. Victim 1 stated that when he was younger, he modeled for EMERICH in both indoor/studio and

outdoor settings. EMERICH would pay Victim 1 more money if the photo shoots involved nudity. Victim 1 stated that EMERICH knew that Victim 1 was under the age of 18 during the nude photo shoots. The photo shoots took place throughout South Florida, including in Monroe County and elsewhere. Victim 1 identified images taken beginning as early as on or about 2007.

  c. Law enforcement showed Victim 1 the images of child pornography retrieved from the mailed hard drive, and Victim 1 identified himself and confirmed that he was under the age of 18. In some images, he was possibly 13 or 14 years of age. Victim 1 had never discussed the nude photo shoots with anyone other than EMERICH.

  15. On April 16, 2015, the CD contacted an agent with FDLE to relate that EMERICH was traveling from Vermont to Florida to photograph underage boys. EMERICH provided the CD with his schedule, which included photo shoots involving boys aged between 12 and 16 years of age. EMERICH did not tell the CD whether or not the photo shoots were to be legitimate modelling shoots or would involve nudity and the production of child pornography.

  16. On June 22, 2015, at law enforcement direction, the CD placed another controlled call to EMERICH, wherein the CD requested additional images of photo shoots similar to those EMERICH had sent the CD in January of 2015. EMERICH agreed, and sent another package, via the United States Postal Service, to the CI in Florida. USPIS inspectors removed the package from the mail.

  a. The return address was also the Post Office Box in Brattleboro, Vermont, but included EMERICH's name.

  b. The package was sent out for fingerprint analysis. A palm print was found but has yet to be identified.

  c. The package contained an external hard drive, of which FDLE conducted a

computer forensic examination. On the hard drive, analysts found thousands of images of minor boys and age-indeterminate males. Many of the images were of these individuals posing with clothing on, and some were of the individuals posing with bathing suits and undergarments. Numerous photographs were of the individuals wearing wrestling singlets or other sheer and tight fitting clothing. There were also photographs of age-indeterminate males completely nude with erect penises. One of these age-indeterminate males appeared to be Victim 2. The images of Victim 2 were captioned as being taken during 2015, when he was either 17 or 18 years old. These images were different from the images on the thumb drive, described above, and Victim 2 looked significantly older.

17. Based on a review of law enforcement databases, USPIS members identified the Apartment as EMERICH's residential address. On October 29, 2015, law enforcement sought and received authorization to conduct a search on the Apartment. On November 2, 2015, law enforcement executed that search.

18. During the search, law enforcement uncovered more than fifty (50) external hard drives. Due to the extraordinarily large amount of digital evidence, analysts have only been able to forensically preview a small percentage of the data stored on the hard drives. However, in that small percentage, law enforcement has found numerous images that constitute child pornography, some of which are described below:

    a. An image file entitled "2cutefunnakedteenageboysplaying4.jpg," which depicts one minor boy, naked, on all fours exposing his anus and testicles. He is positioned on top of another naked minor boy. The testicles of the naked minor boy on top are positioned on the head of the minor boy below. The faces of the two minor boys are not exposed.

b. An image file entitled "frnds030.jpg," which depicts two minor boys. The first minor boy is exposing a semi-erect penis; the second boy is staring directly at the first boy's exposed penis.

c. An image file entitled "Jamie_04.jpg," which depicts a nude minor boy with his legs spread open. His penis is erect and he his holding his penis with his left hand.

d. An image file entitled "Misha7.jpg," which depicts a nude minor boy with his legs open displaying his erect penis.

e. An image file entitled "Jesse143.jpg," which depicts a nude minor boy with his legs open displaying his erect penis.

19. While in the Apartment, EMERICH was read his *Miranda* rights and, while he refused to sign the form, he did agree to converse with the agents. He was instructed that he was free to leave at any time and was not under arrest. The enter interaction was audio recorded. During the conversation, EMERICH acknowledged traveling to Florida to photograph Victim 1 when he was under the age of 18. EMERICH acknowledged that he knew Victim 1 was under the age of 18 when he traveled and photographed him. EMERICH acknowledged that he was sexually attracted to minors, and admitted to having sexual contact with a minor boy thirteen or fourteen years ago. EMERICH admitted that he had sent multiple external hard drives to Florida via the United States Postal Service, and that the external hard drives had contained images of minor children in various stages of undress, including completely naked.

## CONCLUSION

20. Based on the foregoing, I respectfully submit that there is probable cause to believe that Richard W. EMERICH has committed the offenses of production of child pornography, in violation of Title 18, United States Code, Section 2251(a), and distribution of child pornography,

in violation of Title 18, United States Code, Section 2252(a)(2).

Respectfully Submitted,

*[signature]*

LARRY D. JACOBS, INSPECTOR
U.S. POSTAL INSPECTION SERVICE

Sworn to and subscribed before me
this 2 day of November, 2015.

*[signature]*

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 15-5028-SNOW

UNITED STATES OF AMERICA

vs.

RICHARD EMERICH,

        **Defendant.**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? ____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? ____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
BENJAMIN J. WIDLANSKI
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501885
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9342
FAX (305) 530-7976